IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSAM SMADI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18−cv−1702−SMY |
| | ) |
| WILLIAM TRUE | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Hosam Smadi, currently incarcerated at U.S. Penitentiary Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging the loss of good conduct time based on discipline he received at Terre Haute FCI on November 29, 2013. (Doc. 1, pp. 1, 4, 23-25). Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

**The Petition**

Petitioner lost 27 days of good conduct time based on Incident Report 2515309, which charged him with a violation of Prohibited Act 299, "disruptive conduct," and 206 "making sexual proposal. (Doc. 1, pp. 23-25). The subject event took place on November 12, 2013, when Petitioner gave a staff person a letter describing his attraction to her. (Doc. 1, pp. 23-24). Petitioner alleges that he has a documented history of mental illness, and that prison officials failed

1

to present evidence of his mental competency at the time of the alleged incident, thus violating his due process rights. (Doc. 1, p. 5).

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly brought in a § 2241 action. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

In the context of a prison disciplinary hearing, due process requires that the inmate receive: (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *See Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *Wolff v. McDonnell,* 418 U.S. 539 (1974). A disciplinary decision must be supported by "some evidence" to satisfy due process. *Scruggs*, 485 F.3d at 941 (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (revocation of good conduct credits must be supported by "some evidence" in order to satisfy due process concerns)); *Austin v. Pazera,* 779 F.3d 437 (7th Cir. 2015); *Grandberry v. Smith*, 754 F.3d 425, 426 (7th Cir. 2014).

Petitioner's request for restoration of good conduct credit is properly raised in the habeas petition. *Jones*, 637 F.3d 841 (presenting due process claim); *Waletzki*, 13 F.3d 1079 (denial of good time credits lengthened sentence and brought claim within ambit of § 2241). His claim of specific due process violations in connection with a disciplinary charge and hearing are also properly addressed in this habeas action. Without commenting on the merits of Petitioner's claims,

2

the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

Accordingly**, IT IS HEREBY ORDERED** that respondent shall answer the § 2241 petition (Doc. 1) or otherwise plead within thirty days of the date this order is entered (**on or before December 4, 2018**). This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 6, 2018**

**s/ STACI M. YANDLE**
**U.S. District Judge**