IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSAM SMADI, | |
| Petitioner, | |
| v. | Case No. 18-CV-01702-SPM |
| B. LAMMER, | |
| Respondent. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Hosam Smadi is a federal inmate who is presently housed at FCI Terre Haute. He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 while incarcerated at USP-Marion (Doc. 1). Petitioner seeks the expungement of a 2013 disciplinary ticket and restoration of 27 days of good conduct credit (Doc. 1, p. 1). Respondent filed a response to the petition (Doc. 8), and Smadi replied (Doc. 13). Because this matter had been fully briefed in the Southern District of Illinois by the time Smadi was transferred to Terra Haute, Indiana; in the interest of judicial efficiency, Respondent has waived the defenses of venue and personal jurisdiction and this Court retains jurisdiction (Doc. 18).

### RELEVANT FACTS AND PROCEDURAL HISTORY

Smadi is serving a 24-year sentence for attempted use of a weapon of mass destruction. *United States v. Smadi*, Case No. 09-CR-294-M-1 (N.D. Tex., Doc. 88).[1]

---

[1] According to the Bureau of Prisons website, Smadi's current projected release date is November 6, 2030. https://www.bop.gov/inmateloc/ (last visited June 10, 2021).

The disciplinary action Smadi challenges occurred while he was an inmate at FCI-Terre Haute (Doc. 1, pp. 3, 21). On November 7, 2013, an officer charged Smadi with making sexual proposals which disrupts or interferes with security or orderly running of the institution (Prohibited Act Code 299 and Prohibited Act Code 206) (*Id.* at 21). The Incident Report alleged that Smadi gave a female corrections officer a three-page letter in which he made references to inappropriate feelings and conduct towards her (*Id.*). Sometime thereafter, Smadi claims that he "snapped out of his [ ] psychotic episode" and informed the Disciplinary Hearing Officer ("DHO") that he was delusional when he wrote the letter in question (*Id.* at 5) (internal citations omitted). A competency and responsibility evaluation was completed by Psychology Services (*Id.* at 24). Psychology personnel determined that Smadi was competent to participate in the hearing and could be held responsible for his conduct (*Id.*). On November 27, 2013, the DHO held a hearing at which Smadi declined a staff representative (*Id.*). Smadi was found guilty and 27 days of his earned good conduct credit was revoked (*Id.* at 24-25).

In his petition, Smadi admitted that he wrote the letter to the reporting officer (Doc. 1, p. 4), but he claimed that he was delusional at the time (*Id.* at 5). He also claimed that the DHO Report was not timely delivered and because of this, he could not exhaust his administrative remedies (*Id.* at 5). In his reply, Smadi accepted Respondent's version of the facts regarding the hearing, the DHO Report delivery, and his subsequent effort to exhaust his remedies. (Doc. 13 p. 2). In doing so, Smadi admits that he received written charges prior to the hearing, had an opportunity to be heard or call witnesses at the hearing, and was given a written statement as to

the evidence relied upon. In his reply, Smadi also "thanks [Respondent] for refreshing his memory as to the 2014 filing," and amended his initial claim from the petition. In his petition, Smadi claimed that he did not appeal the DHO decision after delivery on December 30, 2013 because he believed he had missed a December 16, 2013 deadline. Now, Smadi admits that he had in fact filed an appeal and it was rejected on the merits, after which he failed to exhaust the administrative remedy process (Doc. 13, p. 2).

## DISCUSSION

Inmates retain due process rights in connection with prison disciplinary proceedings. However, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum due process requirements for such proceedings are: (1) receipt of written notice of the charges in advance of the hearing; (2) an opportunity to be heard before an impartial decision maker; (3) the right to call witnesses and present evidence where the same will not be unduly hazardous to safety or correctional goals; and (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff*, 418 U.S. at 564-66; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994). Smadi accepted Respondent's version of the facts regarding the hearing and his subsequent effort to exhaust his remedies. (Doc. 13 p. 2). In doing so, Smadi admits that he received written charges prior to the hearing, had an opportunity to be heard or call witnesses at the hearing, and was given a written statement as to the evidence relied upon.

The Bureau of Prisons ("BOP") has an extensive administrative remedy procedure which allows an inmate to seek formal review of a complaint relating to any aspect of his confinement. *See* 28 C.F.R. §542.10 et seq. First, to appeal a DHO decision, an appeal must be sent directly to the Regional Office. 28 C.F.R. §542.14(d)(2). The appeal must be filed within twenty (20) days of receiving the DHO Report. *See* Doc. 1, p. 25; 28 C.F.R. § 542.15. If the inmate is unhappy with the Regional response, he may file a final appeal with the Central Office of the BOP General Counsel in Washington, D.C. within thirty (30) days of the Regional decision. 28 C.F.R. § 542.15.

Based upon the Declaration prepared by Tracy Knutson from the Federal Bureau of Prisons, Smadi started the process in 2014 but failed to follow it through to completion. On January 2, 2014, Smadi timely initiated the administrative remedy process (Doc. 8-1, pp. 4, 25). The appeal was rejected for being submitted at the wrong level (*Id.*) Smadi then submitted an appeal to the North Central Regional Office. It was received and filed on January 17, 2014. The appeal was denied on March 11, 2014 (*Id.* at pp. 4, 27). Smadi then attempted to complete the remedy process by appealing to the Central Office of the BOP General Counsel, but the appeal was rejected for having too many continuation pages and for not having the proper number of copies of the continuation pages.[2] Smadi was given the opportunity to resubmit his appeal in the proper form within fifteen (15) days of the rejection notice

---

[2] "An inmate shall complete the appropriate form with all requested identifying information and shall state the reasons for the Appeal in the space provided on the form. If more space is needed, the inmate may use up to one letter-size (8 ½" × 11") continuation page. The inmate shall provide two additional copies of any continuation page and exhibits with the regional Appeal, and three additional copies with an Appeal to the Central Office." 28 C.F.R. § 542.15(b)(3).

(*Id.* at pp. 4, 30) Smadi did not resubmit his appeal or file anything further until four years later (*Id.* at pp. 5, 30).

On June 5, 2018, Smadi sent another appeal which was rejected as untimely (*Id.* at pp. 5, 91). Smadi was instructed that if staff could provide a memo stating that the late filing was not his fault, he could then resubmit at the Regional level (*Id.* at pp. 5, 96). Rather than doing so, Smadi petitioned this Court for relief. When the claims in his petition were disputed, he claimed that his appeal should not have been rejected for having too many continuation pages, or for not having the proper number of copies of the continuation pages, and that Knutson's proof was insufficient. It is well settled that a "federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking habeas relief." *Sanchez v. Miller*, 792 F.2d 694 (7th Cir. 1986). Smadi failed to do so in this case in a timely fashion and cannot now, four years later, claim that the rejection was unjustified.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Hosam Smadi's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2441 (Doc. 1). This case is **DISMISSED with prejudice** and the Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. *See* Fed. R. App. Proc. 4(a)(1)(B). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. Proc.

24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. Proc. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–859 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. *See* Fed. R. App. Proc. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:   June 17, 2021**

**s/ *Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**
